**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

WALTER ALBERTO MONTES,

*Defendant-Appellant.*

No. 02-4253

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Peter J. Messitte, District Judge.
(CR-00-199-PJM)

Submitted: February 11, 2003

Decided: February 27, 2003

Before LUTTIG and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Robert C. Bonsib, Beau Kealy, MARCUS & BONSIB, Greenbelt, Maryland, for Appellant. Thomas M. DiBiagio, United States Attorney, James M. Trusty, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Walter Alberto Montes appeals his conviction on thirteen counts of preparing or assisting the preparation and presentation of fraudulent tax returns, in violation of 26 U.S.C. § 7206(2) and 18 U.S.C. § 2 (2000), and one count of making and presenting a false claim against the United States, in violation of 18 U.S.C. §§ 287, 2 (2000). Finding no reversible error, we affirm.

On appeal, Montes first asserts that the district court erred in permitting an IRS agent to testify regarding certain aspects of the preparation of income tax returns and the prerequisites for certain exemptions and credits on the returns. We review a district court's decisions on the admissibility of evidence for an abuse of discretion. *See United States v. Moore*, 27 F.3d 969, 974 (4th Cir. 1994). The district court will not be found to have abused its discretion unless it acted "arbitrarily or irrationally." *Id.* Our review of the agent's testimony convinces us that the district court properly limited the testimony and did not abuse its discretion in allowing the testimony as so limited.

Montes next asserts that the district court erred in denying his motion for a mistrial due to improper comments by the prosecutor during rebuttal closing argument. We review a district court's denial of a motion for a mistrial for an abuse of discretion. *See United States v. Dorlouis*, 107 F.3d 248, 257 (4th Cir. 1997). Montes asserts that the prosecutor's comments were improper attempts to focus the jury on the fact that he did not testify at trial or otherwise offer any evidence, and that the district court's curative instruction was insufficient to overcome the taint of the improper comments.

A prosecutor's improper closing argument may "so infect[] the trial with unfairness as to make the resulting conviction a denial of due process." *United States v. Wilson*, 135 F.3d 291, 297 (4th Cir. 1998)

(quoting *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)) (internal quotation marks omitted). In determining whether a defendant's due process rights were violated by a prosecutor's closing argument, this court considers whether the remarks were, in fact, improper, and, if so, whether the improper remarks "so prejudiced the defendant's substantial rights that the defendant was denied a fair trial." *Id.* We conclude that the prosecutor's comments in this case were not improper because the comments were "merely 'a fair response to a claim made by defendant or his counsel.'" *Howard v. Moore*, 131 F.3d 399, 421 (4th Cir. 1997) (en banc) (quoting *United States v. Robinson*, 485 U.S. 25, 32 (1988)). Moreover, even if the remarks were improper, under the six-factor test articulated in *Wilson*, the comments were not so prejudicial as to deny Montes a fair trial, particularly in light of the district court's contemporaneous curative instruction to the jury. *Wilson*, 135 F.3d at 299.

Montes next argues that the district court erred in denying his request that the jury be instructed on the definition of reasonable doubt. This court has held that "it is improper for a district court to define reasonable doubt for a jury unless the jury itself requests a definition." *United States v. Najjar*, 300 F.3d 466, 486 (4th Cir.), *cert. denied*, ___ U.S. ___, 123 S. Ct. 705 (2002). Montes acknowledges the rule in this circuit, but suggests that this precedent be reconsidered. Because a panel of this court may not overrule a prior published decision of the court, Montes' assertion of error is baseless. *See United States v. Ruhe*, 191 F.3d 376, 388 (4th Cir. 1999).

Montes' final argument is that the district court erred in refusing to give instructions he proffered on good faith and willfulness. We have considered the requested instructions and conclude that the district court did not commit reversible error in refusing these instructions because they were fairly covered by the court's instructions. *See United States v. Lewis*, 53 F.3d 29, 32 (4th Cir. 1995) (quoting *United States v. Camejo*, 929 F.2d 610, 614 (11th Cir. 1991)).

We affirm Montes' convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*